UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA LUCIANO,

                              Plaintiff,

              -against-

CHIEF HANKS; P.O. WHELAN; P.O.
LOPARRINO; GARNET HEALTH MEDICAL
CENTER; DR. MOATAZ HAGGAG; DR.
MATTHEW MEIGH; RESIDENT NICOLE
FERNANDEZ; RESIDENT EMMANUEL
ILORI; DR. RAKHMATULLINA; DR.
OLANREWAJU; DR. FAROOQI; DR.
MAGINLEY; DR. SHIVACHANKAR, OF
GARNET; MICHELLE DOE 1; MICHELLE
DOE 2,

                              Defendants.

26-CV-2083 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, Title II of the Americans with

Disabilities Act, and the New York State Human Rights Law, and asserting a claim of medical

malpractice under New York law, alleging that Defendants unlawfully confined her and

discriminated against her on the basis of disability or perceived disability. The Court liberally

construes the complaint as asserting additional claims under the Rehabilitation Act, along with

common law claims of false arrest, false imprisonment, and negligence.

Plaintiff sues: (1) Chief Hanks, of the Montgomery Police Department ("MPD"); (2) P.O.

Whelan, of the MPD; (3) P.O. Loparrino, of the MPD; (4) Garnet Health Medical Center

("Garnet"); (5) Dr. Moataz Haggag, of Garnet; (6) Dr. Matthew Meigh, of Garnet; (7) Resident

Nicole Fernandez, of Garnet; (8) Resident Emmanuel Ilori, of Garnet; (9) Dr. Rakhmatullina, of

Garnet; (10) Dr. Olanrewaju, of Garnet; (11) Dr. Farooqi, of Garnet; (12) Dr. Maginley, of

Garnet; (13) Dr. Shivachankar, of Garnet; (14) "Michelle Doe 1," of the Mobile Mental Health Crisis team; and (15) "Michelle Doe 2," of the Mobile Mental Health Crisis team.

Plaintiff also filed a motion to consolidate this matter with another one of her pending cases in this court related to a mental health arrest by the MPD, *Luciano v. Mendez*, No. 25-CV-6731 (CS). (ECF No. 6.)

By order dated April 6, 2026, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons that follow, the Court: (1) directs *Access: Supports for Living*, which appears to be the entity that may have employed Doe 1 and Doe 2 from the Mobile Mental Health Crisis team, under *Valentin v. Dinkins*, to identify Defendants Doe 1 and Doe 2; (2) denies the motion to consolidate; and (3) directs service on Defendants.

**DISCUSSION**

**A.     Unidentified Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit *Access: Supports for Living*, which the Court understands is likely the employer of Defendants Michelle Doe 1 and Michelle 2, to identify Michelle Doe 1 and Michelle Doe 2, who are alleged to be members of the Mobile Mental Health Crisis team who interacted with Plaintiff at her home and on the street on the morning of September 12, 2023, in Walden, New York. It is therefore ordered that *Access: Supports for Living*, or its counsel, must ascertain the identity of each "Michelle Doe" whom Plaintiff seeks to sue here and the address where the defendant may be served. *Access: Supports for Living* must provide this information to Plaintiff and the Court within sixty days of the date of this order.

2

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the "Michelle Doe" defendant(s). The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named "Michelle Doe" Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

**B.    Motion to consolidate**

Plaintiff filed a motion to consolidate this matter with another one of her pending cases in this court related to a mental health arrest by the MPD, *Luciano v. Mendez*, No. 25-CV-6731 (CS). (ECF No. 6.)  By a separate Order dated April 6, 2026, this Court denied the motion.

**C.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendants Hanks, Whelan, Loparrino, Garnet, Haggag, Meigh, Fernandez, Ilori, Rakhmatullina, Olanrewaju, Farooqi, Maginley, and Shivachankar through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that summonses be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued.

U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order and the complaint to *Access: Supports for Living* at: 15 Fortune Road West, Middletown, New York 10941.

The Clerk of Court is further instructed to issue summonses for Defendants Hanks, Whelan, Loparrino, Garnet, Haggag, Meigh, Fernandez, Ilori, Rakhmatullina, Olanrewaju, Farooqi, Maginley, and Shivachankar, complete the USM-285 form with the address for Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to mail an information package to Plaintiff.

SO ORDERED.

Dated:    April 6, 2026
          White Plains, New York

_____
CATHY SEIBEL
United States District Judge

4

**SERVICE ADDRESS FOR EACH DEFENDANT**

1.      Chief Hanks
        Montgomery Police Department
        110 Bracken Road
        Montgomery, NY 12549

2.      P.O. Whelan
        Montgomery Police Department
        110 Bracken Road
        Montgomery, NY 12549

3.      P.O. Loparrino
        Montgomery Police Department
        110 Bracken Road
        Montgomery, NY 12549

4.      Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

5.      Dr. Moataz Haggag
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

6.      Dr. Matthew Meigh
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

7.      Resident Nicole Fernandez
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

8.      Resident Emmanuel Ilori
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

9.      Dr. Rakhmatullina
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

10.     Dr. Olonrewaju
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

11.     Dr. Farooqi
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

12.     Dr. Maginley
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940

13.     Dr. Shivashankar
        Garnet Health Medical Center
        707 East Main Street
        Middletown, NY 10940