UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORIA LUCIANO,

Plaintiff,

-against-

CHIEF HANKS, *et al.*,

Defendants.

26-CV-2083 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

By order dated April 6, 2026, the Court directed *Access: Supports for Living*, or its counsel, to ascertain the identity of each "Michelle Doe" whom Plaintiff sought to sue and the address where each defendant may be served. (ECF No. 12.) The order required *Access: Supports for Living* to provide this information to Plaintiff and the Court within sixty days of the date of this order, *i.e.*, June 5, 2026. (*Id.*; *see* ECF No. 18.) On June 8, 2026, Plaintiff filed a letter alerting the Court that *Access: Supports for Living* had failed to identify the "Michelle Doe" defendants per the Court's prior order. (ECF No. 20.) Thus, on June 15, 2026, the Court ordered *Access: Supports for Living* to provide the information specified in the Court's prior order, or show cause why it should not be held in contempt for violating this order, by no later than July 15, 2026. (ECF No. 21.)

On July 10, 2026, *Access: Supports for Living* responded to the Court's order, identifying Michelle Salopek and Michelle Nazaire as individuals who "may have information relevant to Plaintiff's claims and to the identification of the 'Michelle Doe' defendant(s)." (ECF No. 22.) On July 23, 2026, Plaintiff filed a Second Amended Complaint naming Michelle Salopek and Michelle Nazaire. (ECF No. 23.) On July 24, 2026, Plaintiff filed another amended complaint entitled "Second Amended Complaint." (ECF No. 25), as well as a letter asking the Court to

disregard ECF No. 23, (ECF No. 24). The Court will refer to ECF No. 25, which is now the operative pleading, as the Third Amended Complaint.

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Salopek and Nazaire, the Clerk of Court is instructed to fill out the USM-285 form for each Defendant. The Clerk of Court is further instructed to issue summonses for these Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of the summonses and Third Amended Complaint (ECF No. 25) upon them.

If the summonses and Third Amended Complaint are not served on these Defendants within 90 days after the date that the summonses issue, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

## CONCLUSION

The Clerk of Court is instructed to (1) issue summonses for Defendants Salopek and Nazaire; (2) complete the USM-285 form with the address for each Defendant; and (3) deliver to the USMS all documents necessary to effect service of the summons and Third Amended Complaint (ECF No. 25).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: July 24, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Michelle Salopek
   Access: Supports for Living
   15 Fortune Road West
   Middletown, NY 10941

2. Michelle Nazaire
   Access: Supports for Living
   15 Fortune Road West
   Middletown, NY 10941