UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLORIA LUCIANO, Plaintiff, -against- CHIEF HANKS, *et al.*, Defendants. | 26-CV-2083 (CS) ORDER OF SERVICE |

CATHY SEIBEL, United States District Judge:

By order dated July 29, 2026, (ECF No. 29), the Court noted that ECF No. 25 ("TAC") – which was entitled "Second Amended Complaint" but was actually Plaintiff's Third Amended Complaint – would be the operative complaint moving forward. In the TAC, Plaintiff added two new Defendants who have not yet been served: the Town of Montgomery and Sgt. Robert McNeely. (*See* TAC at 2 ¶¶ 3, 5.)

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the Town of Montgomery and Sgt. McNeely, the Clerk of Court is instructed to fill out the USM-285 form for these Defendants. The Clerk of

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

Court is further instructed to issue summonses for these Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service of the summonses and Third Amended Complaint (ECF No. 25) upon them.

If the summonses and Third Amended Complaint are not served on these Defendants within 90 days after the date that the summonses issue, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is instructed to (1) issue summonses for Defendants Sgt. McNeely and the Town of Montgomery; (2) complete the USM-285 form with the address for these Defendants; and (3) deliver to the USMS all documents necessary to effect service of the summons and Third Amended Complaint (ECF No. 25).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: September 21, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Town of Montgomery
   110 Bracken Road
   Montgomery, NY 12549

2. Sgt. Robert McNeely
   Town of Montgomery Police Department
   110 Bracken Road
   Montgomery, NY 12549